## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

MONTGOMERY BANK, N.A.,

      Plaintiff,

v.                                                   Case No:  2:16-cv-173-FtM-38CM

THOMAS P. HOOLIHAN, JR. ,
KERREY R. HOOLIHAN,
RIVERBEND GOLF & COUNTRY
CLUB, INC., VISION ONE
MANAGEMENT GROUP, INC.,
PIKE CREEK TURF FARMS,
INC., LEE COUNTY, STATE OF
FLORIDA, SOUTHERN GULF
EQUIPMENT RENTAL & SALES,
INC. and RIVERBEND
HOMEOWNERS ASSOCIATION
OF LEE COUNTY, INC.,

      Defendants.

_____

### ORDER

Before the Court are Plaintiff's Motion for Default by the Clerk (Doc. 27) and the parties' Motion to Dispense with In-Person CMR Meeting (Doc. 30).  For the reasons set forth below, the motion for clerk's default is granted in part and denied in part, and the motion to dispense with in-person CMR meeting is granted in part.

Plaintiff moves, pursuant Federal Rule of Civil Procedure 55(a), for entry of Clerk's default against Defendants, Riverbend Golf & Country Club ("Riverbend"), Vision One Management Group, Inc. ("Vision One"), Pike Creek Turf Farms, Inc. ("Pike Creek"), and Southern Gulf Equipment Rental & Sales, Inc. ("Southern Gulf") for failure to respond to the Complaint.  Doc. 27.  Pursuant to Rule 55(a), Federal

Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b).  Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process.  *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"  Fed. R. Civ. P. 4(h)(1)(A), (e)(1).  Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation.  A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director.  Fla. Stat. § 48.081(1)(a)-(d).  As an alternative, process may be served on a registered agent of the corporation, or an employee of the registered agent.  *Id.*  § 48.081(3)(a).  "However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal

place of business or on any employee of the registered agent." *Id.*   Section 48.091 requires every corporation to designate a registered agent and to "keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and [to] keep one or more registered agents on whom process may be served at the office during these hours."   Fla. Stat. §48.091(1)-(2).

Here, the Returns of Service (Docs. 24, 26) for Riverbend and Vision One state that on March 10, 2016 at 2:05 p.m., Plaintiff's process server delivered a true copy of the Summons, Notice of Lis Pendens with Exhibit A, and Complaint with Exhibits A, B, C, D, E, F, G, and H to the Day Manager of Riverbend and Vision One, Susan Stone.   Docs. 24 at 1, 26 at 1.   A search of the Florida Department of State, Division of Corporations' website reveals that the registered agent for Vision One is Thomas Hoolihan, 6121 Rivershore Ct., North Fort Myers, FL 33917.[1]   The website further reveals the registered agent for Riverbend is Kerrey Hoolihan, 6121 Rivershore Ct., North Fort Myers, FL 33917.[2]   The Returns of Service indicate "Per Susan, the RA is not in." Docs. 24 at 1, 26 at 1.   It does not appear, however, that the process server attempted service during the office hours required by statute.   *See id.*   Additionally, Plaintiff does not advance any explanation as to why service was not attempted on the registered agent during the statutory office hours.   Alternatively, if service could not be made on the registered agent during the days and times prescribed by statute,

---

[1] www.sunbiz.org.

[2] The Court notes that according to the website, Riverbend was administratively dissolved on September 25, 2015.   Service on a dissolved corporation shall be in accordance with Florida Statute § 48.081.   Fla. Stat. § 48.101.

Plaintiff has not explained why.   Although Ms. Stone is the day manager, there is no indication in the record that she has been appointed by Riverbend or Vision One as a registered agent.   As there is no indication that service was attempted on the registered agent, the Return of Service is insufficient to establish service of process. *See   PNC Bank Nat. Ass'n v. Orchid Grp. Investments*, L.L.C., No. 2:13-CV-12-FTM-99SPC, 2013 WL 870256 (M.D. Fla. Mar. 8, 2013); *Lantana Ins., LTD. v. Tome*, No. 610-CV-402-ORL-31DAB, 2010 WL 2869533, at 1 n. 1 (M.D. Fla. July 21, 2010); *White v. OSP, Inc.*, No. 2:13-CV-709-FTM-29CM, 2014 WL 2861488, at *1 (M.D. Fla. June 24, 2014).

Service of Southern Gulf and Pike Creek, however, were proper.   The Return of Service (Doc. 25) for Southern Gulf states that on March 11, 2016, Plaintiff's process server delivered a true copy of the Summons and Complaint upon Mark Webb as Registered Agent for Southern Gulf at 6750 Corporate Park Circle, Fort Myers, FL 33966.   Doc. 25 at 1.   Similarly, the Return of Service (Doc. 23) for Pike Creek indicated that service was made on Joyce Markley, a customer service agent authorized to accept service, at Corporation Service Company,[3] 1201 Hays Street, Tallahassee, FL 32301.   Doc. 23 at 1.   Affidavits by process servers constitute a *prima facie* showing that defendants have been served.   *Udoinyion v. The Guardian Security*, 440 Fed. App'x 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question *prima facie* evidence of service consisting of process

---

[3] The Florida Department of State, Division of Corporations' website indicates that Corporations Service Company has been designated as the registered agent for Pike Creek. www.sunbiz.org

server's sworn return); *Burger King Corp. v. Eupierre*, Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012).   Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(h)(1)(A), (e)(1); Fla. Stat. § 48.081(3)(a).

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint. Southern Gulf and Pike Creek have failed to do so within the time period; therefore, entry of Clerk's Default pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.07(b) is appropriate as to Southern Gulf and Pike Creek.

Also before the Court is the parties' Motion to Dispense with In-Person CMR Meeting.   Doc. 30.   The parties request that the Court dispense with the in-person requirement because they have conferred and agreed to the content of the Case Management Report ("CMR").   *Id.* at 1.   The parties filed the CMR on April 15, 2016.   Doc. 29.   The parties indicate, however, that Defendants Thomas P. Hoolihan, Jr. and Kerrey R. Hoolihan,[4] *pro se*, have moved to quash service of process in this matter and declined to participate in preparation of the CMR.   Doc. 30 at 1.

The Related Case Order and Track Two Notice (Doc. 13) requires that all parties meet to prepare the CMR.   Doc. 13 at 1.   Additionally, the local rules state counsel and any unrepresented party shall meet, *regardless of the pendency of any*

---

[4] For clarity and not from of lack of respect, occasionally the Court will refer to the Hoolians as "Defendant Steven" and "Defendant Benjamin."

*undecided motions*, for the purpose of preparing and filing the CMR.   M.D. Fla. R. 3.05(c)(2)(B) (emphasis added).   Because Defendants Thomas and Kerrey failed to participate in the preparation of the CMR, the CMR must be stricken.

To the extent Defendants Thomas and Kerrey are concerned about waiving their defense of insufficient service, because the issue already has been raised, it will not been deemed waived by participation in the CMR at the Court's direction. Other courts have continued to maintain that if the defendant has properly raised a defense by motion or in the answer, even though the defendant participates in the litigation on the merits, the defense still can be preserved and reasserted later in the action. *See American Torch Tip Co. v. Dykema Gossett PLLC*, No. 8:11-cv-0202-T-23EAJ, 2011 WL 3171811, at *3 (M.D. Fla. July 8, 2011) (stating that Defendant did not waive any objection to personal jurisdiction by participating in the CMR), report and recommendation adopted, No. 8:11-cv-0202-T-23EAJ, 2011 WL 3170282 (M.D. Fla. July 27, 2011); *See also IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537 (7th Cir. 1998) (defendant did not waive its defense to personal jurisdiction by participating in the litigation on the merits since it did so at the direction of the district judge after having raised the defense in a timely fashion). Thus, Defendants Thomas and Kerrey are directed to participate in the in preparation of the CMR. The parties are permitted to conduct the case management conference telephonically, and are directed to resubmit their CMR on or before **May 13, 2016.**

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Motion for Default by the Clerk (Doc. 27) is **GRANTED in part and DENIED in part**.   The motion is **GRANTED** as to Pike Creek Turf Farms, Inc. and Southern Gulf Equipment Rental & Sales, Inc.   The Clerk is directed to enter a Clerk's Default against Pike Creek Turf Farms, Inc. and Southern Gulf Equipment Rental & Sales, Inc.

2.     The Motion for Default by Clerk is **DENIED without prejudice** as to Riverbend Golf & Country Club and Vision One Management Group, Inc.

3.     The Motion to Dispense with In-Person CMR Meeting (Doc. 30) is **GRANTED in part.**   The previously submitted Case Management Report (Doc. 29) is **STRICKEN**.   The parties, including Defendant Thomas P. Hoolihan, Jr. and Kerrey R. Hollihan, are directed to resubmit their Case Management Report on or before **May 13, 2016**.   The parties are permitted to conduct the Case Management Conference telephonically.

     **DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of April, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record