UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MONTGOMERY BANK, N.A.,

    Plaintiff,

v.                                                   Case No:   2:16-cv-173-FtM-38CM

THOMAS P. HOOLIHAN, JR. ,
KERREY R. HOOLIHAN,
RIVERBEND GOLF & COUNTRY
CLUB, INC., VISION ONE
MANAGEMENT GROUP, INC.,
PIKE CREEK TURF FARMS,
INC., LEE COUNTY, STATE OF
FLORIDA, SOUTHERN GULF
EQUIPMENT RENTAL & SALES,
INC. and RIVERBEND
HOMEOWNERS ASSOCIATION
OF LEE COUNTY, INC.,

    Defendants.

## ORDER

Before the Court are Plaintiff Montgomery Bank, N.A.'s Motion for Default against Defendants Riverbend Golf & Country Club, Inc. ("Riverbend") and Vision One Management Group, Inc. ("Vision One") (Doc. 51); and Plaintiff's Renewed Motion for Default against Riverbend and Vision One (Doc. 57). The Motion for Default (Doc. 51) is denied as moot. The Renewed Motion for Default (Doc. 57) is granted.

It is "well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Similarly, Local Rule 2.03(e)

of the Middle District of Florida provides, "a corporation may appear and be heard only through counsel admitted to practice in the Court. . . ." The Court previously provided Riverbend and Vision One until June 17, 2016 to retain counsel, admonishing that "[f]ailure to do so could result in default." Doc. 45. The Court extended the time for Defendants to retain counsel until August 3, 2016. Doc. 56. As of this date, Defendants have failed to comply with the Court's orders, and thus have not properly appeared to defend this action. *See generally*, docket; Doc. 57 at 2.

Accordingly, Plaintiff moves, pursuant Federal Rule of Civil Procedure 55(a), for entry of Clerk's default against Defendants, Riverbend and Vision One. Doc. 57 at 2. Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009). Although the Court previously denied Plaintiff's motions to default as to Riverbend and Vision One because service was made outside the registered agent's

statutory office hours (Doc. 33), Plaintiff since has properly served Defendants with process a second time, on May 12, 2016, during the registered agent's statutory office hours.  Docs. 38, 39, 57 at 1.  In response, Defendants Thomas P. Hoolihan, Jr. and Kerrey R. Hoolihan improperly filed *pro se* motions on behalf of the corporations to quash service of process.  Docs. 41, 42.  The Court entered an order striking the improperly filed motions and providing the corporate defendants additional time to retain counsel, as noted herein.  Doc. 45.  No counsel has been retained, and no appearance or responses to the Complaint have been filed.  Thus, the Court finds that a Clerk's default should be entered against the Defendant Riverbend and Vision One.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Motion for Default (Doc. 51) is **DENIED as moot.**

2. The Renewed Motion for Default (Doc. 57) is **GRANTED.**  The Clerk is directed to enter a Clerk's Default against Riverbend Golf & Country Club, Inc. and Vision One Management Group, Inc.

**DONE** and **ORDERED** in Fort Myers, Florida on this 30th day of August, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record