UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MONTGOMERY BANK, N.A.,

      Plaintiff,

v.                                                       Case No:  2:16-cv-173-FtM-38CM

THOMAS P. HOOLIHAN, JR. ,
KERREY R. HOOLIHAN,
RIVERBEND GOLF & COUNTRY
CLUB, INC., VISION ONE
MANAGEMENT GROUP, INC.,
PIKE CREEK TURF FARMS,
INC., LEE COUNTY, STATE OF
FLORIDA, SOUTHERN GULF
EQUIPMENT RENTAL & SALES,
INC. and RIVERBEND
HOMEOWNERS ASSOCIATION
OF LEE COUNTY, INC.,

      Defendants.

_____

## ORDER

    This matter comes before the Court upon review of Defendants Riverbend Golf & Country Club, Inc. and Vision One Management Group, Inc.'s ("Defendants") Motion to Set Aside Clerk's Entry of Default (Doc. 63) filed on September 8, 2016. Plaintiff opposes the requested relief.   Doc. 67.

    Plaintiff filed a Motion for Default against Defendants (Doc. 51) on June 23, 2016, and a Renewed Motion for Default against Defendants (Doc. 57) on August 5, 2016.   The Court granted the renewed motion for default (Doc. 57) and denied as moot the motion for default (Doc. 51).   Doc. 60.   Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk entered default against Defendants on

August 31, 2016.   Doc. 62.   On August 30, 2016, Defendants together with two other defendants retained counsel and had counsel file a Notice of Appearance.   Doc. 61. On September 8, 2016, Defendants moved to set aside clerk's entry of default (Doc. 61).   Doc. 63.   Defendants' counsel appeared at the Preliminary Pretrial Conference with the Honorable Carol Mirando (the "Conference") on October 5, 2016.   Doc. 70. During the Conference, the parties discussed setting aside clerk's entry of default (Doc. 62).   Doc. 70.

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, the Court "may set aside an entry of default for good cause."   Not susceptible to a precise definition or formula, the Eleventh Circuit has labeled "good cause" as a "liberal" and "mutable" standard, and one that varies from situation to situation.   *See Perez v. Wells Fargo N.A.,* 774 F.3d 1329, 1337 n.7 (11th Cir. 2014); *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion,* 88 F.3d 948, 951 (11th Cir. 1996). Nevertheless, "the standard must be construed to have substance."   *Perez,* 774 F. 3d at 1337 n.7.   Courts generally evaluate various factors, such as: "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense."   *Compania Interamericana Exp.-Imp., S.A.,* 88 F.3d at 951 (citation omitted); *see also Perez,* 774 F. 3d at 1337 n.7.   If circumstances warrant, courts also examine other factors, "including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default."   *Compania Interamericana Exp.-Imp., S.A.,* 88 F.3d

at 951 (citation omitted).   The Eleventh Circuit "strive[s] to afford a litigant his or her day in court, if possible," and has expressed a "strong preference that cases be heard on the merits." *Perez,* 774 F. 3d at 1342; *see also Florida Physician's Ins. Co. v. Ehlers,* 8 F.3d 780, 783 (11th Cir. 1993) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits.") (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.,* 740 F.2d 1499, 1510 (11th Cir. 1984)). "[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Kilbride v. Vrondran,* No. 07-0389-WS-M, 2007 WL 2775185, at *2 (S.D. Ala. Sept. 21, 2007) (citation omitted).

Here, for the reasons stated on the record and set below, the Court finds good cause to set aside clerk's entry of default (Doc. 62).   Defendants were not culpable or willful in responding late to the Complaint (Doc. 1) because two other defendants, Thomas P. Hoolihan, Jr. and Kerrey R. Hoolihan, were under a mistaken belief that they would be able to represent Defendants as Defendants' officers.   Doc. 63 at 5; *see Compania Interamericana Exp.-Imp., S.A.,* 88 F.3d at 951 (citation omitted); *see also Perez,* 774 F. 3d at 1337 n.7.   Setting clerk's entry of default (Doc. 62) aside would not prejudice Plaintiff because the case is still at its initial stage and the Court just entered a Case Management and Scheduling Order on October 5, 2016.   *See Compania Interamericana Exp.-Imp., S.A.,* 88 F.3d at 951 (citation omitted); *see also Perez,* 774 F. 3d at 1337 n.7.   Furthermore, Plaintiff has been on notice of Defendants' retention of counsel since August 30, 2016 when Defendants' counsel

filed a Notice of Appearance.   Doc. 65; *see Compania Interamericana Exp.-Imp., S.A.,* 88 F.3d at 951 (citation omitted).   Defendants' counsel promptly moved to set aside clerk's entry of default and appeared at the Conference on October 5, 2016.   *See Compania Interamericana Exp.-Imp., S.A.,* 88 F.3d at 951 (citation omitted).   Given the above circumstances, the reasons stated on the record, and the Eleventh Circuit's "strong preference that cases be heard on the merits," the Court must afford Defendants their day in court by setting aside clerk's entry of default (Doc. 62). *Perez,* 774 F. 3d at 1342; *see also Florida Physician's Ins. Co.,* 8 F.3d at 783.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Defendants Riverbend Golf & Country Club, Inc. and Vision One Management Group, Inc.'s Motion to Set Aside Clerk's Entry of Default (Doc. 63) is **GRANTED**.

2.   Clerk's Entry of Default (Doc. 62) entered on August 31, 2016 is hereby **VACATED** and **SET ASIDE**.

3.   The Clerk of Court is directed to docket Defendants' Answer and Affirmative Defenses to the Complaint (Doc. 63-1) as a separate entry in the CM/ECF system.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of October, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record