UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MONTGOMERY BANK, N.A.,

    Plaintiff,

v.                                                  Case No:   2:16-cv-173-FtM-38CM

PIKE CREEK TURF FARMS,
INC., LEE COUNTY, SOUTHERN
GULF EQUIPMENT RENTAL &
SALES, INC., RIVERBEND
HOMEOWNERS ASSOCIATION
OF LEE COUNTY, INC. and
FLORIDA DEPARTMENT OF
REVENUE,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Default by the Clerk (Doc. 97) filed on March 14, 2017.  Plaintiff seeks a Clerk's entry of default as to Defendant Florida Department of Revenue ("DOR").  Doc. 45.  On October 26, 2016, after obtaining leave of Court, Plaintiff filed an Amended Complaint for Commercial Foreclosure and Other Relief (the "Amended Complaint") against various defendants including the DOR.[1]  Docs. 76, 77.  On February 27, 2017, Plaintiff filed a Return of Service.  Doc. 91.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party

---

[1] Plaintiff commenced this action by filing a Complaint for Commercial Foreclosure and Other Relief ("Complaint") on March 3, 2016.  Doc. 1.  The Complaint, however, did not name the DOR as a defendant.  *Id.* at 1.

against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Rule 4(j) of the Federal Rules of Civil Procedure governs service of process upon a state, a municipal corporation, or any other state-created governmental organization that is subject to a lawsuit. Fed. R. Civ. P. 4(j)(2). Pursuant to Rule 4(j), the process server may deliver a copy of the summons and the complaint to the chief executive officer, or serve a copy of the summons and the complaint "in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). In Florida, service of process against the DOR must be served on the executive director of the department. Fla. Stat. §48.111(3).

Here, the Return of Service shows that Plaintiff did not properly serve the DOR. *See* Fed. R. Civ. P. 4(j)(2). The Return of Service states that on March 8, 2016, a process server for ATA Process, LLC delivered a true copy of the Summons in a Civil Action to Tanya Williams, an administrative assistant, at the DOR c/o General

Counsel's Office, 2450 Shumard Oaks Blvd. Bldg 1, Tallahassee, FL 32399. *Id.* The Return of Service shows that Plaintiff neither delivered a copy of the Amended Complaint nor served the DOR's chief executive officer or executive director as mandated by Rule 4(j) and section 48.111(3) of the Florida Statutes. *See* Fed. R. Civ. P. 4(j)(2); Fla. Stat. §48.111(3). As a result, the Court finds that a Clerk's default is not appropriate in this instance.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Default by the Clerk (Doc. 97) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 15th day of March, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record