UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MONTGOMERY BANK, N.A.,

Plaintiff,

v. Case No: 2:16-cv-173-FtM-38CM

PIKE CREEK TURF FARMS, INC., LEE COUNTY, SOUTHERN GULF EQUIPMENT RENTAL & SALES, INC., RIVERBEND HOMEOWNERS ASSOCIATION OF LEE COUNTY, INC. and FLORIDA DEPARTMENT OF REVENUE,

Defendants.

_______________________________/

**OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiff Montgomery Bank, N.A.'s ("Montgomery Bank") Unopposed Motion for Reconsideration (Doc. 94) filed on March 3, 2017. The Court has reviewed Montgomery Bank's Response to the Court's Show Cause Order, which was filed on March 3, 2017. (Doc. 95). Finally, the Court has reviewed Montgomery Bank's Agreed Motion to Alter or Amend Judgment of Dismissal, which was filed on March 20, 2017. (Doc. 102). These matters are ripe for review.

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**BACKGROUND**

This is a foreclosure action that centers on a mortgage lien on real property located in Lee County, Florida. On March 3, 2016, Montgomery Bank filed a Complaint against Thomas P. Hoolihan, Jr., Kerrey R. Hoolihan, Riverbend Golf & Country Club, Inc. ("Riverbend"), Vision One Management Group, Inc. ("Vision One"), Pike Creek Turf Farms, Inc. ("Pike Creek"), Lee County, the State of Florida, Southern Gulf Equipment Rental & Sales, Inc. ("Southern Gulf"), and Riverbend Homeowners Association of Lee County, Inc. (Doc. 1). Though Montgomery Bank issued a summons for each Defendant named in the Complaint, Pike Creek, Southern Gulf, Riverbend, and Vision One all failed to respond. (Docs. 2, 3, 4, 5, 6, 7, 8, 9, 10).

Pursuant to a motion filed by Montgomery Bank (Doc. 27), a Clerk's Default was entered against Pike Creek and Southern Gulf on April 29, 2016. (Doc. 34). Montgomery Bank then moved for, and was granted, a Clerk's Default against Riverbend and Vision One. (Doc. 60). The latter Clerk's Default against Riverbend and Vision One, however, was set aside. (Doc. 73).

On October 26, 2016, Montgomery Bank filed an Amended Complaint, substituting the State of Florida as a party for the Florida Department of Revenue ("FDOR"). (Doc. 77). Montgomery Bank did not immediately attempt to serve FDOR.

Later, on February 23, 2017, Montgomery Bank filed a Notice of Settlement and Joint Motion to Retain Jurisdiction. (Doc. 89). The Notice purported to notify the Court of a settlement that had been reached between Montgomery Bank and Thomas P. Hoolihan, Jr., Kerrey R. Hoolihan, Riverbend, and Vision One. (Doc. 89). The text of the

Notice asked the Court to "close this case but retain jurisdiction to enforce the terms of the settlement[,]" and was signed by the relevant attorneys for each party. (Doc. 89).

Upon review of Montgomery Bank's Notice, the Court undertook a review of the docket and observed two deficiencies. First, FDOR had not been served. Second, Montgomery Bank had not moved for a default judgment against Pike Creek or Southern Gulf even though it had been nearly a year since Clerk's Defaults were entered against them. As a result, the Court issued an Order to Show Cause to Montgomery Bank as to why its claims against those Defendants should not be dismissed for failure to effectuate service of process or for failure to prosecute. (Doc. 90).

With that, the Court turned to Montgomery Bank's Notice of Settlement. Because the Notice "jointly move[d]" the Court to "close [the] case[,]" and because it was signed by the relevant parties' attorneys, the Court dismissed Montgomery Bank's claims as to Thomas P. Hoolihan, Jr., Kerrey R. Hoolihan, Riverbend, and Vision One. (Doc. 92 at 2). But, the Court declined to retain jurisdiction to enforce the settlement. (Docs. 92 at 2).

Montgomery Bank now asks the Court to reconsider its dismissal of Thomas P. Hoolihan, Jr., Kerrey R. Hoolihan, Riverbend, and Vision One. (Doc. 94). It has also filed an Agreed Motion to Alter or Amend Judgment of Dismissal, seeking the same relief. (Doc. 102).

Montgomery Bank did not rest there. It also responded to the Court's Order to Show Cause (Doc. 95), filed a return of service for FDOR (Doc. 91), and moved for a Clerk's Default against FDOR (Doc. 97). United States Magistrate Judge Carol Mirando denied Montgomery Bank's Motion because it did not properly serve FDOR. (Doc. 98). Undeterred, Montgomery Bank filed two more returns of service for FDOR (Docs. 99,

100), and again moved for a clerk's default. (Doc. 101). That motion was again denied because the return of service did not state that Montgomery Bank served FDOR with the Amended Complaint. (Doc. 104 at 2).

Pending before the Court now are Montgomery Bank's Unopposed Motion for Reconsideration (Doc. 94), its Agreed Motion to Amend Judgment (Doc. 102), and its Response to the Court's Order to Show Cause. (Doc. 95). Each will be addressed in turn.

## DISCUSSION

### A. Montgomery Bank's Motion for Reconsideration

Montgomery Bank argues in its Motion for Reconsideration that the Court should reconsider its prior order of dismissal because "the Court did not have the benefit of information pertaining to the settlement that it had requested in the Show Cause Order," because the parties did not request dismissal, because dismissal was not justified under the circumstances and because dismissal would prejudice Montgomery Bank. (Doc. 94 at 3). The Court finds none of these reasons to warrant reconsideration.

As an initial matter, Montgomery Bank did not specify the specific procedural rule upon which it premised its Motion for Reconsideration, but while one of the two cases cited, *Delaware Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374 (Fed. Cir. 2010), was silent on the issue of statutory authority, the other, *Frantz v. Walled*, 513 F. App'x 815 (11th Cir. 2013), based its holding on Rule 59(e). For that reason, the Court will construe Rule 59(e) as the Motion's basis of authority.

"Under Rule 59(e), a court has considerable discretion in deciding whether to grant a motion for reconsideration." *Gillis v. Deutsche Bank Trust Co.*, No. 2:14-CV-418-FTM-

38CM, 2015 WL 4937367, at *1 (M.D. Fla. Aug. 18, 2015) (citing *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir.2006)). "In exercising this discretion, the court balances two competing interests: the need for finality and the need to render just rulings based on all the facts." *Id*.

Still, "[r]econsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." *Carter v. Premier Rest. Mgmt.*, No. 2:06CV212FTM99DNF, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) (citing *American Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). "The courts have 'delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice.'" *Susman v. Salem, Saxon & Meilson, P.A.*, 153 F.R.D. 689, 904 (M.D. Fla. 1994).

"A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). "The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision." *Carter*, 2006 WL 2620302 at *1 (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)).

The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id*. at 1 (citation omitted). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Id*. (citing *Mannings v. Sch. Bd. Of Hillsboro Cty, Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)).

"Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." *Carter*, 2006 WL 2620302 at *1.

First, in its Motion for Reconsideration Montgomery Bank argues that the Court should reconsider its prior order of dismissal because the Court "did not have the benefit of the information pertaining to the settlement that it had requested in the Show Cause Order." (Doc. 94 at 3). This argument is meritless, as the Court requested no such information in its Show Cause Order. Instead, the Court requested why the claims against Pike Creek, Southern Gulf and FDOR should not be dismissed for failure to prosecute or failure to effectuate service of process. (Doc. 90 at 3).

Second, Montgomery Bank argues that dismissal was not the relief requested nor was it justified. This argument misses the mark. By submitting the Notice, Defendants roughly complied with the contours of the Local Rules. *See* Local Rule 3.08(a). Local Rule 3.08(a) requires that, upon reaching a settlement, counsel must immediately notify the Court. *Id.* And, Rule 3.08(b) authorizes the Court to administratively close the file and order that a case be dismissed without prejudice. *Id*. at 3.08(b).

Even so, parties commonly file joint stipulations of dismissal concurrently with notices of settlement. Joint stipulations are required to be signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(ii). Coupling that rule with the fact that the Notice requested the Court to "close [the] case" and that the Notice had the signatures of the attorneys for all relevant parties - Montgomery Bank, Thomas P. Hoolihan, Jr., Kerrey R. Hoolihan, Riverbend, and Vision One - the Court reasonably understood that the parties requested it to dismiss this matter. But, because active parties still remained in the matter, the Court dismissed the matter pursuant to Rule 41(a)(2), which allows for dismissal on

terms the Court deems proper. Fed. R. Civ. P. 41(a)(2). Given the context of the parties' filing, this decision was reasonable.

Third, Montgomery Bank argues that "dismissal works a manifest injustice against the Plaintiff." (Doc. 94 at 3). In support, it argues that the Court's retention of jurisdiction to enforce the settlement was crucial to reaching the terms of the settlement, and dismissal would render the terms of the settlement unenforceable. This argument is a non-starter. For one thing, the argument is assumptious because where parties reach a settlement and a matter is dismissed, retention of jurisdiction over the settlement agreement is a matter of the Court's discretion. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). As a result of that discretion, to the extent that the parties reached a settlement based on their expectation that the Court would retain jurisdiction, it was misguided.

Montgomery Bank's argument also comingles concepts because, although it argues that the Court should reconsider dismissal, the crux of its claim relates only to the insular issue of the Court's retention of jurisdiction to enforce the settlement agreement. Montgomery Bank makes this clear through its argument that it would be prejudiced if the Court declines to reconsider because the terms of the settlement would be unenforceable. Beyond those mere words, Montgomery Bank makes no showing of prejudice.

Finally, Montgomery Bank's manifest injustice argument is unsupported because neither dismissal of this action, nor the Court's denial of the retention of jurisdiction to enforce the settlement makes the settlement unenforceable. In the ordinary case where federal litigants enter into a settlement agreement, the Court does not retain jurisdiction. See *id.* at 378 ("Enforcement of [a] settlement agreement . . . whether through award of

damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit[.]"). And, where a Court does not retain jurisdiction, unless there is some independent basis for federal jurisdiction, enforcement of a settlement agreement is a matter for state courts. *Id*. at 382.

At base, a settlement agreement is merely a contract, and as such, it is governed by the principles of Florida law. *See Schwartz v. Florida Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987). Simply because a contract contemplates future action does not mean that it is not enforceable at the time it is signed. It seems, then, given that Montgomery Bank has provided no independent grounds for federal jurisdiction, that enforcement of the settlement agreement is a matter for state courts.[2] *See id*. at 382.

In sum, Montgomery Bank has not attempted to show that there has been an intervening change in controlling law, nor that new evidence on the issue of dismissal has emerged. While they have attempted to show that the Court's failure to reconsider its

---

[2] Even if enforcement of the settlement agreement would be proper in federal court because of the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332, that would still not be enough to prove independent grounds for federal jurisdiction because, absent a breach of the settlement agreement, Montgomery Bank would lack standing, and any action would not yet be ripe. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotations omitted); *see also Elend v. Basham*, 471 F.3d 1199, 1205 (11th Cir. 2006) ("If an action for prospective relief is not ripe because the factual predicate for the injury has not fully materialized, then it generally will not contain a concrete injury requisite for standing."). Both ripeness and standing are components of a federal court's subject matter jurisdiction. *Digital Properties, Inc. v. City of Plantation, Fla.*, 121 F.3d 586, 591 (11th Cir. 1997) (ripeness); *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (standing). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006)*.

Order would result in manifest injustice, this is not the case. Hence, the Motion for Reconsideration is denied.

**B. Alternative Motion to Stay**

In its Motion for Reconsideration, Montgomery Bank requests in the alternative that the Court stay this matter until July 17, 2017. (Doc. 94 at 4). Federal district courts have discretion to grant a motion to stay. *See Landis v. North American Co.*, 299 U.S. 248, 255 (1936). In making its determination, the court considers the "facts produced, judicial economy, whether lack of a stay would [result in] . . . irreparable harm, and whether there is a clear and substantial reason to grant a stay." *Quest NetTech Corp. v. Tropical Smoothie Franchise Dev. Corp.*, No. 8:11-cv-02I02-EAK-AEP, 2012 WL 5503533, at *2 (M.D. Fla. Nov. 30, 2012).

As an initial matter, the Court declines to stay this matter because it has already been dismissed, and the Court has declined to reconsider that Order. Moreover, the alternative request for a motion to stay is another attempt at the Court enforcing the settlement agreement. The Court has spoken on that issue.

But even if the Court had reconsidered its Order, Montgomery Bank has provided no support as to why a stay would be beneficial, the impacts of a stay on judicial economy, and whether the lack of a stay would result in irreparable harm. When parsing the arguments, the only reason that July 17, 2017 appears to be relevant is because that is the deadline for Defendants to fulfill certain unnamed acts pursuant to the settlement agreement. That is not enough to stay this case.

C. Montgomery Bank's Agreed Motion to Alter or Amend

Next, Montgomery Bank's Agreed Motion to Alter or Amend does not differ in substance from the relief requested or the grounds upon which Montgomery Bank based its previous Unopposed Motion for Reconsideration. (Doc. 102). The only apparent difference between the two motions is that Montgomery Bank argues that the Court should amend its prior Order of dismissal because it now has "information that the Court lacked at the time of dismissing this action[.]" (Doc. 102 at 3).

"[U]nder Federal Rule of Civil Procedure 59(e), a movant must identify newly-discovered evidence that supports his claim or manifest errors of law or fact in the judgment. *Osaigbovo v. Bank of Am. Corp.*, No. 15-15247, 2016 WL 7367781, at *2 (11th Cir. 2016). But, Montgomery Bank cites no "newly-discovered evidence." Presumably, Montgomery Bank relies on nothing more than the terms of its settlement agreement, and Defendants' July 17, 2017 deadline as "newly-discovered evidence." But merely because that deadline was not previously revealed to the Court does not make it new evidence. "[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not [previously] available . . . . " *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). The terms of the settlement agreement are not new evidence because they were available at the time Montgomery Bank filed the Notice. Accordingly, the Court denies Montgomery Bank's Agreed Motion to Amend.

**D. Montgomery Bank's Response to the Court's Order to Show Cause**

In Response to the Court's Order to Show Cause why Montgomery Bank's claims against FDOR should not be dismissed for failure to effectuate service of process, it argues that its claims should not be dismissed because it has filed the return of service

for FDOR and because in serving FDOR, it has complied with the requirements of the Federal Rules of Civil Procedure. (Doc. 95). But, as has been indicated above, Judge Mirando found that attempt, and other subsequent attempts at service of process to be improper. (Docs. 98, 104).

*1. Service of Process on FDOR*

Federal Rule of Civil Procedure 4(m) states "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Given that the Amended Complaint was filed on October 26, 2016, Montgomery Bank had until January 24, 2017 to serve FDOR. The record reflects that this deadline was not satisfied. But, because Montgomery Bank has made several attempts to properly serve FDOR, the Court will allow it until April 14, 2017 to properly serve process upon FDOR. If a return of service for FDOR is not properly filed by that date, FDOR will be dismissed as a party.

*2. Moving for Default Judgment against Pike Creek and Southern Gulf*

Separately, in response to the Court's Order to Show Cause why Pike Creek and Southern Gulf should not be dismissed for failure to prosecute, Montgomery Bank indicated that it would be moving for a default judgment against those Defendants soon after the time of filing. That was March 3, 2017. To date, no such motion has been filed. Local Rule 1.07(b) states that

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed.R.Civ.P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant

> to Rule 55(a), Fed.R.Civ.P., and shall then proceed without delay to apply for a judgment pursuant to Rule 55(b), Fed.R.Civ.P., failing which the case shall be subject to dismissal sixty (60) days after such service without notice and without prejudice; provided, however, such time may be extended by order of the Court on reasonable application with good cause shown.

M.D. Fla. R. 1.07(b). Against this backdrop, 342 days have elapsed since a Clerk's Default was entered against Pike Creek and Southern Gulf on April 28, 2016. (Doc. 34). Despite assurances to the contrary, Montgomery Bank has not moved for a default judgment. This is a circumstance contemplated by Local Rule 1.07(b). Accordingly, Pike's Creek and Southern Gulf are dismissed without prejudice.

Accordingly, it is now **ORDERED:**

1. Montgomery Bank's Unopposed Motion for Reconsideration of Order and Judgment of Dismissal (Doc. 94) is **DENIED**.
2. Montgomery Bank's Agreed Motion to Alter or Amend Judgment of Dismissal (Doc. 102) is **DENIED**.
3. Montgomery Bank has until **April 14, 2017** to serve process on FDOR. **Failure to do so will result in FDOR's dismissal.**
4. Defendants Pike Creek and Southern Gulf are **DISMISSED** as a result of Montgomery Bank's failure to prosecute. The clerk is DIRECTED to terminate them as parties in this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of April, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record